

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSC
FIRST ASSISTANT

October 3, 1947

Hon. Francis H. Henshaw
State Librarian
Capitol Station
Austin, Texas

Opinion No. V-397

Re: Authority of a
commissioners'
court to create
a county library
board

Dear Sir:

Reference is made to your letter dated August 21, 1947, in which you request our opinion on the validity, powers, duties, and activities of a library board which has been acting as the governing body of the Jim Hogg County library. A copy of the "Constitution and By-Laws" of this board accompanied your request. We are also in receipt of a copy of the minutes of the Jim Hogg County Commissioners' Court for August 10, 1936, and December 14, 1936, from the County Clerk of said County which relate to the origin and financing of the county library.

Provision is made in the Constitution and By-Laws for the appointment of nine members to the board by the Commissioners' Court. The board is to act as the proper governing agency of the county library and shoulder the responsibility for its proper administration. Further provision is made for regular meetings, election and duites of officers, appointment of standing committees and employment of "the librarian", presumably referring to the county librarian authorized by Art. 1683, V.C.S. The Constitution goes on to state that the librarian shall be employed by the board, shall be subject to and under the direct control of the board, and duties of the librarian are set forth.

Arts. 1677 through 1696, V.C.S., make statutory provision for the establishing, maintenance, use, etc. of county free libraries; and Art. 1683 provides for the appointment for a two year term by the commissioners' court of a county librarian who shall possess a certificate of qualification from the State Board of Library Examiners, which Board is created in Art. 1682. Art. 1684 provides

for salary and traveling expenses for the librarian and assistants; Art. 1685 prescribes the librarian's duties and Art. 1686 provides for an annual report to the commissioners' court and to the State Librarian by the county librarian on the operation of the county library. Art. 1687 provides that the county library shall be under the general supervision of the commissioners' court and the State Librarian, and Art. 1689 makes provision for custody of all funds of the library to be with the county treasurer.

The minutes of the Jim Hogg County Commissioners' Court for August 10, 1936, disclose that the Court set aside $0.03 of the $0.25 general fund levy for the year 1936 to be used for the county library upon condition that a committee of women interested in founding a library will have raised $500.00 by popular subscription to supplement the county fund within one year. If the committee failed to uphold its pledge to raise $500.00, then the fund created by the County was to revert to the General Fund. The minutes of the Commissioners' Court of December 14, 1936, reflect a report in full by the "Jim Hogg County Library Association" submitted to the Commissioners' Court which states in substance that $1092.54 had been raised since August of that year and of this amount approximately $700.00 was to be spent on erection of a library building. The minutes further show that the Commissioners' Court agreed to the erection on the Courthouse grounds of a stucco and rock lathe building by the "Jim Hogg County Library Association" for use as a county public library, and that if Jim Hogg County ceases its support of a county public library, the Library Association shall have the right to remove said library building.

The Constitution and By-Laws of the library board or association are based upon an erroneous assumption of authority and are without support in any of our statutes. The statutes (Art. 1677, V.C.S.) confer upon the Commissioners' Court the authority to establish, maintain, and operate county free libraries. As long as county funds are used to maintain and operate the Jim Hogg County library, we deem it a "county library" to be governed by the Commissioners' Court as pointed out in the third paragraph above.

We think it commendable and generous on the part of the women's committee and citizens of Jim Hogg County to raise funds for the construction of a public library. However under the above statutes we are impelled to the con-

clusion that it is the non-delegable duty of the Commissioners Court to conduct the management of the county library.

## SUMMARY

It is the statutory duty of the Commissioners' Court to operate the county library, and this duty may not lawfully be delegated to any citizens committee or board. The operation of such library is regulated by statute, and local rules of such board are without authority of law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

James T. Bryan
Assistant

JTB/lh

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL